**Kenneth NOGLE, Plaintiff–Appellant,**

v.

**BEECH STREET CORPORATION, Defendant–Appellee.**

No. 13–15635.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2015.

Filed Oct. 1, 2015.

William S. Cummings, Henry G. Jones, Friedman Rubin, Bremerton, WA, Matthew L. Sharp, Esquire, Matthew L. Sharp, Ltd., Reno, NV, Gerald I. Gillock, Nia C. Killebrew, Gillock & Killebrew, PC, Las Vegas, NV, for Plaintiff–Appellant.

Craig Lewis Caesar, Baker Donelson Berman Caldwell & Berkowitz PC, New Orleans, LA, Layna Suzanne Cook, Esquire, Errol J. King, Baker Donelson Bearman Caldwell & Berkowitz, PC, Baton Rouge, LA, Michael V. Infuso, Esquire, Zachary Paul Takos, Greene Infuso, LLP, Las Vegas, NV, for Defendant–Appellee.

---

** The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KOZINSKI and TALLMAN, Circuit Judges and RAYES,* District Judge.

MEMORANDUM **

The district court properly found no genuine issue of material fact concerning whether plaintiff Kenneth Nogle's complaint against defendant Beech Street Corporation ("Beech Street") was barred by the two-year statute of limitations applicable to negligence actions in Nevada. *See Nev. Power Co. v. Monsanto Co.,* 955 F.2d 1304, 1306–07 (9th Cir.1992); Nev.Rev. Stat. § 11.190(4)(e). Under Nevada's discovery rule, the statute of limitations is tolled until the injured party discovers or reasonably should have discovered facts giving rise to his cause of action. *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18, 20 (1990).

The district court properly found that Nogle had sufficient information available to him in March 2008 to investigate and identify Beech Street as a potential defendant. Specifically, Nogle should have discovered Beech Street's role in assuring the quality of the endoscopy provider by pursuing leads from information contained in at least three documents: 1) the pre-approval letter from November 6, 2006, 2) the 2007 Summary Plan Description, and 3) the insurance card. Accordingly, Nogle's September 8, 2010 complaint against Beech Street was untimely because it was filed more than two years after he reason-

* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

ably should have known that he had a cause of action against Beech Street.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

